**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:07-CR-72-TS |
| | ) | |
| WILLIAM ERIC THOMAS | ) | |

**OPINION AND ORDER**

The Defendant, William Eric Thomas, was adjudged guilty and sentenced for credit card fraud. He now requests that he be allowed to remain on release pending his appeal in this cause. The Government objects to the request on the grounds that he cannot meet all of the statutory requirements for release pending an appeal.

**BACKGROUND**

The Defendant pleaded guilty to knowingly, and with intent to defraud, using unauthorized access devices in violation of 18 U.S.C. § 1029(a)(2). On November 3, 2008, this Court sentenced the Defendant to 30 months imprisonment, 3 years of supervised release, and $14,607.78 in restitution. The Court also issued a Sentencing Memorandum on this date explaining the Court's ruling on several issues that impacted sentencing, including the amount of loss attributed to the Defendant's fraud, the Court's denial of any reduction for acceptance of responsibility, the Court's application of an enhancement for obstruction of justice, and whether the criminal history category reported in the Presentence Investigation Report over represented the seriousness of the Defendant's criminal history. The Court's rulings resulted in an offense level of 12 and criminal history category of VI, which corresponds to an advisory guideline range of 30 to 37 months. At the sentencing hearing, the Court determined that a sentence of 30

months was sufficient, but not greater than necessary, to comply with the purposes of punishment. At the conclusion of the sentencing hearing, the Defendant asked the Court to direct the Clerk to file a notice of appeal, which resulted in a notice of appeal being filed on that same date. The appellate court has not yet assigned a cause number to the Defendant's appeal.

On November 10, 2008, the Defendant filed a Motion for Release From Custody [DE 73], seeking to remain released pending the outcome of his appeal. He submits that he is not likely to flee and does not pose a danger to the safety of any other person or the community, citing his enrollment in college, his stepfather's serious medical condition, and his compliance with pretrial release. He argues that his appeal is not for purposes of delay and raises a substantial question of law that is likely to result in reversal of this Court's November 3 Sentencing Memorandum, which in turn would eliminate any term of imprisonment.

On November 14, the Government filed is Response in Opposition to Defendant's Motion for Release From Custody [DE 76]. The Government does not dispute the Defendant's assessment of his risk of flight or dangerousness to the community. However, the Government disagrees that his appeal is not made for purposes of delay, or that it will likely result in reversal of the Court's sentencing determinations or a reduction in his sentence.

The Defendant did not reply.

## DISCUSSION

Section 3143(b) of Title 18 governs the custodial status of a defendant pending appeal.[1]

---

[1] The appellate court is vested with jurisdiction when a case is appealed. However, the district court retains jurisdiction for the limited purpose of deciding motions for release pending appeal. *See* Fed. R. App. P. 9; Fed. R. Crim. P. 38.

Subsection (b)(1) creates a presumption for detention that can be overcome if the judicial officer finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1)(A)–(B); *see also United States v. Shoffner*, 791 F.2d 586, 588 (7th Cir. 1986) (finding that a convicted person must be detained unless the requirements of § 3143(b) are met). The Defendant submits that he is not likely to flee or pose a danger to the safety of any other person or the community, and the Government does not dispute this. The Court agrees with this assessment of flight and danger for the reasons set forth in the Defendant's Motion. Thus, the Defendant's release turns on whether he has established that his appeal (1) raises a substantial question of law or fact that (2) is likely to result in one of the four results enumerated in subsections (b)(1)(B)(i)–(iv) of the statute.

A substantial appeal is one that presents "a close question or one that could very well be decided the other way." *Shoffner*, 791 F.2d at 589 (citing the substantial question test first adopted by the Seventh Circuit in *United States v. Molt*, 758 F.2d 1198, 1200 (7th Cir. 1985), and reiterated in *United States v. Bilanzich*, 771 F.2d 292 (7th Cir. 1985), *United States v. Greenberg*, 772 F.2d 340, 341 (7th Cir. 1985), and *United States v. Thompson*, 787 F.2d 1084, 1085 (7th Cir. 1986)) (internal quotation marks omitted). The Defendant has not indicated to this Court, and there is no other way for it to discern, which of the Court's findings that he is

challenging on appeal. The Court will consider each issue to determine whether it is a close issue for appeal, and if so, whether it would likely produce a result that justifies the Defendant's release pending his appeal.

The Defendant may appeal the Court's determination of the amount of loss caused by his fraudulent use of credit cards. The amount of loss in this case was based upon facts contained in a PSR that were shown to bear a sufficient indicia of reliability to support their probable accuracy, and for which the Defendant failed to produce evidence to demonstrate were nevertheless incorrect or otherwise unreliable. The evidence also showed by a preponderance of the evidence that the Defendant was responsible for the losses attributed to him as reported in the PSR. The Defendant committed fraud by taking over the dormant credit card accounts of victim William A. Thomas and then using the cards to make purchases and to get cash advances. He was properly sentenced on the unauthorized charges made using those credit cards.[2]

The Court's ruling that the Defendant was not entitled to acceptance of responsibility was based on its finding that the Defendant did not truthfully admit the conduct comprising the offense of conviction, falsely denied relevant conduct, and failed to demonstrate sincere remorse or genuine contrition for his crime. The court's acceptance of responsibility determination is a factual finding that the appellate court reviews for clear error. *United States v. Thomas*, 181 F.3d 870, 873–74 (7th Cir. 1999). In light of the substantial evidence weighing against acceptance of

---

[2] In fact, the original PSR set the loss at over $30,000, which requires the addition of 6 points to the base offense level under U.S.S.G. § 2B1.1(b). It was only when the Government stated that it would not object to a revision of the PSR to remove certain purchases that the Defendant denied making that the amount fell below $30,000, requiring the addition of 4 points instead of 6. When the Defendant further objected to purchases in an attempt to go below the threshold for the addition of 4 points, including objecting to the purchases that were recited by the Government during the plea agreement as forming the offense of conviction, the Government opposed his objections and the Court made specific rulings. Thus, if anything, the close issue in this case is whether the amount of loss should have been calculated higher than it ultimately was to account for the challenged purchases that the Government did not oppose.

4

responsibility and the legal precedent supporting the Court's findings, the issue is not one that could very well be decided the other way.

The only sentence determination that raises a potentially close question for appeal is that regarding obstruction of justice, even though the Court made specific findings regarding materiality and intent. But even if the two-point obstruction of justice enhancement were not applied in this case, the result would not be a sentence that does not include a term of imprisonment or only includes a term of imprisonment that is less than the expected duration of the appeal process plus his one day of jail credit. Using the Defendant's own calculations regarding the amount of loss, his base offense level would be 8. Combined with history category VI, which the Defendant admits is accurate under the Guidelines, produces an advisory guideline range of 18 to 24 months. It is not in a sentencing zone that allows a Court to impose a sentence that avoids imprisonment. Any variance from this sentence, on the basis of criminal history or otherwise, would be left to the discretion of the district court. Given that the Court has already considered the Defendant's argument in mitigation of punishment and sentenced the Defendant to 30 months imprisonment, it would not find on remand that a sentence below the reconfigured advisory range of 18 to 24 months meets the purposes of punishment in this case.

The Court notes that the only challenge to the conviction itself, which was obtained by his guilty plea, is a frivolous challenge to federal subject matter jurisdiction over his offense. The Defendant does not seek a new trial. The Defendant has not explained how any of his other anticipated challenges, even if successful, would avoid imprisonment altogether or would result in a term of imprisonment less than the total of the time already served (one day) plus the expected duration of the appeal process. The Defendant has not met the statutory requirements

for release pending appeal.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Release From Custody [DE 73] is DENIED. The Defendant is ORDERED to report to the United States Marshals or the United Stated Probation and Pretrial Services Office as directed.

SO ORDERED on December 12, 2008.

                                       s/ Theresa L. Springmann
                                       THERESA L. SPRINGMANN
                                       UNITED STATES DISTRICT COURT