UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:07-CR-72-TS |
| | ) | |
| WILLIAM ERIC THOMAS | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Petition for Release from Custody Pending Review of Motion to Vacate, Set-Aside, or Correct a Sentence By a Person in Federal Custody [DE 108]. The Defendant requests that, pursuant to Rule 23(c) and Rule 23(d) of the Federal Rules of Appellate Procedure, that he be released pending this Court's review of his 28 U.S.C. § 2255 motion.

Rule 23(c) provides for the release of a prisoner pending review of a decision that orders that prisoner's release. It states,

> While a decision ordering the release of a prisoner is under review, the prisoner must—unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise—be released on personal recognizance, with or without surety.

Rule 23(d) states that "[a]n initial order" governing the prisoner's custody or release "continues in effect pending review unless for special reasons shown to the court of appeals or the Supreme Court, or to a judge or justice of either court, the order is modified or an independent order regarding custody, release, or surety is issued." Fed. R. App. P. 23(d). By its plain language, Rule 23 applies only when a prisoner has already been successful on a writ of habeas corpus and has obtained a decision ordering his release. Subsection (d) specifically refers to an "initial order." There has been no such order issued in this case with respect to the Defendant's habeas corpus motion, and Rule 23 simply does not apply to the situation presently before this Court.

Further, although a federal district judge has the power to admit to bail petitioners for postconviction habeas relief, that power is "to be exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985).

> A defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

*Id.* Nothing in the record before this Court suggests that the reasons for not granting bail to convicted defendants have been overcome in this case.

For the foregoing reasons, the Defendant's Petition for Release from Custody Pending Review of Motion to Vacate, Set-Aside, or Correct a Sentence By a Person in Federal Custody [DE 108] is DENIED.

SO ORDERED on June 28, 2010.

        s/ Theresa L. Springmann
        THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT